IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-138-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHRISTOPHER REED, JR. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 68, 71). The government responded in opposition and in this posture the issues raised are ripe for ruling. For the following reasons, the motions are denied.

## BACKGROUND

On March 13, 2018, defendant pleaded guilty, pursuant to a written plea agreement, to two counts of distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (counts one and two); and possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count three). The presentence investigation report ("PSR"), which the court adopted in relevant part, determined defendant was responsible for distributing 0.74 grams of heroin, and attempting to exchange counterfeit heroin for three firearms and a Sony Playstation. Defendant's extensive criminal history includes convictions for possession of marijuana, larceny, assault (four convictions), breaking or entering, communicating threats, selling heroin, common law robbery, possession of a firearm by a person previously convicted of a felony, and habitual felon. Based on his designation as a career offender, defendant's advisory Guidelines range was 151 to 188 months' imprisonment.

The court held defendant's sentencing hearing on February 7, 2019. Defendant moved for downward variance from the Guidelines based on his recent medical diagnoses, which include, inter alia, vasculitis, kidney failure, and end-stage renal disease. The court granted the motion and sentenced defendant to 127 months' imprisonment on counts one and two, and a concurrent term of 120 months' imprisonment on count three.

On November 23, 2020, defendant filed the instant pro se motion for compassionate release, arguing that his risk of contracting COVID-19 and developing severe complications from the disease while incarcerated justifies early release from the custodial portion of his sentence. The court appointed counsel for defendant the following day, and counsel filed the instant supplemental motion for compassionate release on December 22, 2020. In support, defendant relies upon Federal Bureau of Prisons ("FBOP") administrative records, medical records, character letters, FBOP program review, medical article regarding vasculitis, and certificates of completion for FBOP courses. The government responded in opposition on January 5, 2021, and in support filed a copy of defendant's medical records and the FBOP's sentencing calculation for defendant. Defendant replied on March 3, 2021, supported by additional character letters, certificates of completion for educational and vocational training courses, and defendant's current medication list.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate

release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it "first [finds] that 'extraordinary and compelling reasons warrant[] [a sentence reduction], then consider[s] the [factors set forth in 18 U.S.C. § 3553(a)], and ultimately determine[s] that the requested reduction is consistent with any 'applicable policy statement issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275-76 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330-31; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed by defendants in the sentencing court. Kibble, 992 F.3d at 330; McCoy, 981 F.3d at 281-83. Accordingly, the district court is not required to consider whether the reduction is consistent with U.S.S.G. § 1B1.13, the policy statement applicable to motions for compassionate release filed by the Federal Bureau of Prisons. See Kibble, 992 F.3d at 330-31.

> provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, the court finds defendant's medical conditions, even apart from his risk of contracting COVID-19, present extraordinary and compelling reasons for release. Defendant's release, however, is not supported by the § 3553(a) factors in light of the offense conduct in distributing counterfeit heroin in exchange for firearms, distributing actual heroin, and defendant's extensive and violent criminal history. As noted at defendant's recent sentencing, defendant has been involved in drug trafficking for most of his adult life, and he has committed at least one violent armed robbery and numerous assaults. The court also was aware of defendant's medical conditions at his recent sentencing and granted a downward variance based thereon. Further reduction of defendant' sentence, however, would not accomplish the goals of sentencing for the reasons stated herein and at the sentencing hearing.[2]

---

[2] Furthermore, there is no evidence that the FBOP is mishandling or otherwise providing deficient medical care for defendant's conditions. (See Gov. Resp. (DE 76) and Ex. B thereto). Defendant notably does not contest the government's argument or evidence on this issue. Defendant also provides no support for his assertion that he could receive a kidney transplant if released (but not while incarcerated), which is contradicted by the statements in defendant's pro se motion. (Compare Reply (DE 81) at 6 with Mot. (DE 68) at 3 (stating that kidney transplant is unavailable due to vasculitis diagnosis).

Defendant's post-indictment conduct, while commendable, does not justify a sentence of time served, particularly where defendant has served only 25 percent of his sentence. (See Gov.'s Resp. Ex. C (DE 76-3)). The court further recognizes that defendant recently was diagnosed with several life-changing medical conditions, and his physical limitations make it difficult to engage in some of the violent behaviors from his past. While these factors speak to the risk of recidivism and public safety concerns, the goals of sentencing are broader than these two factors. Defendant's sentence remains necessary to reflect the seriousness of the offense, account for defendant's offense conduct and criminal history, promote respect for the law, and provide specific and general deterrence to criminal conduct.

Having fully considered defendant's arguments, together with the full record of this case in light of the § 3553(a) factors and defendant's current medical issues, the court finds reducing defendant's sentence to time served will not accomplish the goals of sentencing set forth above.

## CONCLUSION

Based on the foregoing, defendant's motions for compassionate release (DE 68, 71) are DENIED.

SO ORDERED, this the 17th day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge